UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00874 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**
(Doc. 15)

Plaintiff Carl Reggentine brought this action for Social Security Disability Insurance Benefits ("DIB") under 42 U.S.C. § 405(g) of the Social Security Act to reverse the decision of the Social Security Commissioner (the "Commissioner") that he was not disabled. On April 30, 2019, the court granted Plaintiff's motion for a judgment on the pleadings and remanded the case for further proceedings. Plaintiff and the Commissioner stipulated to a fee award of $6,600.99 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.*, which the court approved on July 15, 2019.

On remand, the Social Security Administration ("SSA") issued a fully favorable decision finding Plaintiff became disabled as of July 25, 2013 and awarded Plaintiff $177,556.00 in past-due benefits. In the July 14, 2020 Notice of Award, the SSA advised Plaintiff it was withholding $44,389.00, or twenty-five percent of the past-due benefits, to pay his counsel's fee.

On July 30, 2020, Plaintiff timely filed an application in this court for $37,180.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 15.) In support of the application, Amy C. Chambers, Esq., an associate at the Law Offices of Kenneth R. Hiller, PLLC, who represented Plaintiff in his appeal, submitted a declaration wherein she asserts she

expended 33.8 hours in pursuing Plaintiff's appeal and typically charges a fee of $300 per hour. As an exhibit to her declaration, she submits a copy of the fee agreement between Plaintiff and the Law Offices of Kenneth R. Hiller, PLLC, wherein Plaintiff agreed to a contingency fee of twenty-five percent of any past-due benefits awarded. *See* Doc. 15-5 at 1, ¶ 3.[1]

The Commissioner filed a response to Plaintiff's application, conceding the application was timely and asking the court to decide whether the fee requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (ruling the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, [he or] she plays a part in the fee determination resembling that of a trustee for the claimants."). Plaintiff replied on August 12, 2020, at which time the court took the pending application under advisement.

Plaintiff is represented by Amy C. Chambers, Esq. and Kenneth R. Hiller, Esq. The Commissioner is represented by Special Assistant United States Attorneys Graham Morrison and Dennis J. Canning.

## I. Conclusions of Law and Analysis.

When a claimant prevails on his or her appeal of the Commissioner's disability determination in federal court, 42 U.S.C. § 406(b) allows the court to award the attorney who represented the claimant "a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled

---

[1] The cited fee provision reads in full:

> If I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $6,000.00, whichever is lower, but the $6,000.00 limit is subject to adjustment for inflation by the Social Security Administration (SSA) under 42 U.S.C.A. § 406(a)(2)(A) and the limit in effect at the time the client is paid shall be the limit under this contract. The $6,000.00 limit shall also only apply for services rendered before the Social Security Administration through administrative hearing level. If an appeal is taken of the decision of an Administrative Law Judge to the Appeals Council or to a federal court, the $6,000.00 limit shall not apply.

(Doc. 15-5 at 1, ¶ 3.)

by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" provided the agreements do not award fees in excess of twenty-five percent of past-due benefits. *Gisbrecht*, 535 U.S. at 807; *see also Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990) ("§ 406(b) does not invalidate all contingent fee arrangements—it merely sets their upper limit[.]"). A contingency-fee agreement that awards the full twenty-five percent of past-due benefits or less may therefore be approved under § 406(b) if the claimant's attorney demonstrates "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In determining reasonableness, the court looks "first to the contingent-fee agreement, then test[s] it for reasonableness . . . based on the character of the representation and the results the representative achieved." *Id.* at 808. Although the court "must give due deference to the intent of the parties," it should not "blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. The agreed-to fee may be appropriately reduced if the "benefits are large in comparison to the amount of time counsel spent on the case[.]" *Gisbrecht*, 535 U.S. at 808; *see also Wells*, 907 F.2d at 372 (holding courts should consider, among other things, "whether the requested amount is so large as to be a windfall to the attorney"). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells*, 907 F.2d at 372.

In this case, the contingent-fee agreement Plaintiff signed provides for the maximum permissible fee award of twenty-five percent of past-due benefits, or $44,389.00. Attorney Chambers's fee request of $37,180.00 is therefore below the twenty-five percent cap. Her *de facto* hourly billing rate is $904.70 if the court deducts the EAJA fees from the total fee requested before calculating the hourly rate and $1,100 if the court does not.[2] Either billing rate is over three times Ms. Chambers's normal

---

[2] The Commissioner contends that some courts in the Second Circuit have rejected the approach of deducting EAJA fees before calculating the *de facto* hourly rate. *See, e.g., Patel v. Astrue*,

3

billing rate. *See Gisbrecht*, 535 U.S. at 808 (holding the requesting attorney's "record of the hours spent representing the claimant and a statement of [his or her] normal hourly billing charge for noncontingent-fee cases" may serve "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Had Ms. Chambers requested fees pursuant to her normal hourly rate, the fee would be $10,140. The administrative record in this matter was 541 pages, and the issues raised were not particularly complex. Because the amount of the past-due benefits award and the prospective benefits awarded to Plaintiff was based on other factors beyond the quality of attorney representation, awarding the full requested fee would arguably amount to a windfall to the attorney at the client's expense.

On the other hand, Attorney Chambers did not request an extension of any deadlines or otherwise delay the proceedings. Her advocacy on behalf of her client was zealous and persuasive. Her time records reveal that the vast majority of the hours billed pertained to researching and drafting a non-boilerplate thirty-page motion for a judgment on the pleadings that proved successful. *See Josyln v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (considering in determining reasonableness of fee "whether the attorney's efforts were particularly successful" and "whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research"). In part, because of Attorney Chambers's efforts, Plaintiff recovered a substantial award of $177,556.00 in past-due benefits and procured future DIB until he dies, reaches retirement age, or is no longer disabled. This is a significant victory that should be reflected in any fee award.

Attorney Chambers also accepted risk in representing Plaintiff. *See Wells*, 907 F.2d at 371 (recognizing "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure

---

2012 WL 5904333, at *4 n.4 (E.D.N.Y. Nov. 26, 2012) ("That [plaintiff] will receive an additional $7,000 in benefits as a result of [her counsel's] relinquishment of the $7,000 EAJA award has no effect on the hourly rate at which [her counsel] is compensated under § 406(b).").

effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment"). According to the 2020 Fiscal Year Congressional Justification from the SSA, Social Security claimants in district courts have a fifty percent likelihood of success on their motions to reverse,[3] and a United States Government Accountability Office report from 2007 indicates claimants have a sixty-six percent likelihood of success on remand.[4]

In light of these considerations, the court reduces the fee award to a *de facto* hourly billing rate of $1,000 which is consistent with other fee awards in the Second Circuit in similar cases which range from a *de facto* hourly billing rate of $500 to $2,100.[5] This fee satisfies the underlying objective of "assist[ing] social security claimants to obtain effective representation." *Wells*, 907 F.2d at 371.

---

[3] *See* SOCIAL SECURITY ADMINISTRATION, OFFICE OF DISABILITY PROGRAM MANAGEMENT INFORMATION, FY 2020 CONGRESSIONAL JUSTIFICATION 174 (Jan. 15, 2019), https://www.ssa.gov/budget/FY20Files/FY20-JEAC_2.pdf.

[4] *See* UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE, REPORT TO CONGRESSIONAL REQUESTORS, DISABILITY PROGRAMS: SSA HAS TAKEN STEPS TO ADDRESS CONFLICTING COURT DECISIONS, BUT NEEDS TO MANAGE DATA BETTER ON INCREASING NUMBER OF COURT REMANDS 3 (2007), https://www.gao.gov/assets/260/258973.pdf.

[5] *See, e.g., Abbruscato v. Colvin*, 2020 WL 812922, at *2 (W.D.N.Y. Feb. 19, 2020) (finding fee award of $29,447.38 for 34.43 hours ($855.28/hour) was "reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fee of $30,602.75 for 29.1 hours worked ($1,051.64/hour) where "Plaintiff's attorney used his skills in this area of the law to sift through a nearly 800-page record and find fact-based, non-boilerplate arguments in support of Plaintiff's claim"); *Buckley v. Berryhill*, 2018 WL 3368434, at *3 (W.D.N.Y. July 10, 2018) (holding fee award of $37,300 at $1,000 hourly rate was reasonable); *Vogth-Eriksen v. Berryhill*, 2018 WL 6322611, at *2-3 (D. Conn. Dec. 4, 2018) (holding "[o]ther section 406(b) fee awards that have been approved in this Circuit regularly approximate $800 per hour" and awarding $22,734.00 for 28.4 hours worked); *Rivera v. Berryhill*, 2018 WL 2436942, at *2-3 (E.D.N.Y. May 30, 2018) (reducing fee award from $34,547.25 for 39.5 hours worked ($874.61/hour) to $19,750 ($500.00/hour), which was "more than double" the attorney's hourly rate); *Torres v. Colvin*, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Kanzanjian v. Astrue*, 2011 WL 2847439, at *2-3 (E.D.N.Y. July 15, 2011) (approving fee award of $2,100/ hour rate for 19.75 hours worked).

5

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) and awards $33,800 to Attorney Chambers. (Doc. 15.) The Commissioner is hereby ORDERED to release $33,800 from the funds withheld from Plaintiff's past-due benefits to Attorney Chambers. Attorney Chambers must also refund Plaintiff the $6,600.99 in EAJA fees. *See Josyln*, 389 F. Supp. 2d at 457 ("[I]f an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant.").

SO ORDERED.

Dated this 2nd day of September, 2020.

Christina Reiss, District Judge
United States District Court